UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN JOHNSON,

              Plaintiff,

vs.                        Case No.  2:13-cv-656-FtM-29CM

CAROLYN W. COLVIN, Commissioner of
Social Security,

              Defendant.

_____

## OPINION AND ORDER

This matter is before the Court on consideration of Magistrate Judge Carol Mirando's Report and Recommendation (Doc. #18), filed on August 1, 2014, recommending that the Commissioner's decision to deny social security disability benefits be affirmed.  Plaintiff filed Objections (Doc. #19) on August 15, 2014, and the Commissioner filed a Response (Doc. #20) on August 28, 2014.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)).  Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing Crawford, 363 F.3d at 1158-59).  Even if the evidence preponderates

against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

The Report and Recommendation finds that: (1) the ALJ's assessment that plaintiff had the residual functional capacity to perform medium work was supported by substantial evidence; (2) the ALJ did not err when he failed to consider any limitations caused by plaintiff's headaches or syncope spells in the assessment of plaintiff's residual functional capacity; and (3) the ALJ did not err by failing to explain how plaintiff's daily activities conflicted with his inability to work full time. After an independent review of the record, the Court agrees with the findings and recommendations in the Report and Recommendation as to

the first and third issues, and therefore adopts the Report and Recommendation as to those issues.

The second issue requires more discussion.  It is clear, as the Report and Recommendation states, that an ALJ must consider every impairment alleged, and must consider all allegations of physical and mental limitations or restrictions, not just those determined to be severe at Step Two, in assessing a claimant's residual functional capacity.  (Doc. #18, p. 23.)  Plaintiff asserts that the ALJ failed to consider his chronic headaches and recurring episodes of syncope (dizziness) in the residual functional capacity assessment.  The Report and Recommendation states, without objection from plaintiff, that an ALJ is not required to consider or address conditions which are neither asserted in the disability application nor presented at the hearing before the ALJ.  (Doc. #18, p. 24.)  The rub, according to plaintiff, is that he **did** testify to these conditions in his hearing before the ALJ, and that his testimony is supported by the medical records.  Thus, plaintiff asserts that the Report and Recommendation got the law right, but misapplied it to the record in this case.

The Report and Recommendation stated that neither headaches nor syncope were stated as a cause of disability in the documents submitted in support of plaintiff's claim.  (Doc. #18, p. 24.) Neither application prepared for plaintiff by the Social Security

Administration on April 13, 2010, stated <u>any</u> particular cause for disability.  (Tr. 110-125.)   In a subsequent undated Disability Report, plaintiff did not list headaches or syncope as a condition which limited his ability to work, but did list "various pain all over."  (Tr. 139.)   In a Supplemental Pain Questionnaire dated October 4, 2010, plaintiff stated he had "pain in the left side of head all the time" and that the side effects from his medication was "dizziness, lightheading, sleepy" and that "medication have me dizzy and sleepy."  (Tr. 192-93.)   The underlying medical records show complaints of headaches and dizziness in 2006 (Tr. 233) and multiple times in 2009 (Tr. 291-94, 253-56, 249-52).

A Pre-Hearing Memo from plaintiff's counsel to the ALJ listed headaches and a history of syncope among plaintiff's impairments. (Tr. 223.)  At his administrative hearing before the ALJ, plaintiff testified that he suffered side effects from his medications, including dizziness, lightheadedness, and wooziness (Tr. 33; Doc. #18, p. 7), and that he had difficulty with his equilibrium or balance when walking on uneven surfaces.  (Tr. 35.)  This evidence is sufficient enough to require the ALJ to consider it in his residual functional capacity assessment.  "[T]he ALJ has a duty to make a finding regarding whether the side effects of medications taken by a Social Security claimant render that claimant disabled." <u>Carter v. Comm'r of Soc. Sec.</u>, 411 F. App'x 295, 297 (11th Cir.

2011)(citing <u>Cowart v. Schweiker</u>, 662 F.2d 731, 737 (11th Cir. 1981)).

The Court finds that the ALJ in this case did adequately consider plaintiff's headaches and syncope. The ALJ recognized his obligation to consider impairments which were not severe in assessing plaintiff's residual functional capacity. (Tr. 13.) The ALJ stated that he had considered "all symptoms" and the extent to which they could reasonably be accepted as consistent with objective medical evidence and other evidence. (Tr. 15.) The ALJ recognized both plaintiff's testimony and the existence of medical records relating to headaches and dizziness. (Tr. 16-18.) The ALJ found that plaintiff's alleged symptoms and limitations were overstated, and stated reasons for this finding. (Tr. 18.) In short, the Court finds that the ALJ considered plaintiff's pain from headaches and his dizziness in reaching his residual functional capacity assessment, and that the ALJ's assessment is supported by substantial evidence.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #14) is **accepted and adopted** by the Court as to the first and third issues, and is **accepted as modified above** as to the second issue.

2. The Decision of the Commissioner of Social Security is **affirmed**.

3.   The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of September, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies:
Hon. Carol Mirando
U.S. Magistrate Judge

Counsel of Record